Steven J. Moser (SM1133)
MOSER EMPLOYMENT LAW FIRM, PC
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
Cesar O. Fuentes,

                                    Plaintiff,

- *against* -

GGNGJG Enterprises, Inc. d/b/a Riella's Homestyle, Vito
Rastelli and James Giaccone,

                                    Defendants.
-------------------------------------------------------------------------X

Case No. 19-cv-7113

**COMPLAINT**

Plaintiff Cesar O. Fuentes ("Fuentes") brings this action against Defendants GGNGJG Enterprises, Inc., Vito Rastelli and James Giaccone (collectively "Defendants") and alleges as follows:

## NATURE OF CLAIM

1. This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including overtime, spread of hours, wage notice, and wage statement violations.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

*Plaintiff*

4. Plaintiff Cesar O. Fuentes was Defendants' employee within the meaning of the FLSA, and the NYLL.

5. Fuentes is a natural person who resides in Nassau County in the State of New York.

*GGNGJG Enterprises, Inc.*

6. Defendant, GGNGJG Enterprises, Inc. is a domestic corporation incorporated under the laws of the State of New York.

7. Defendant, GGNGJG Enterprises, Inc. is a closely held corporation.

8. At all relevant times, GGNGJG Enterprises, Inc. did business as Riella's Homestyle.

9. GGNGJG Enterprises, Inc. operated a restaurant.

10. GGNGJG Enterprises, Inc. prepared and offered food for human consumption on its premises.

11. At all relevant times, GGNGJG Enterprises, Inc. had a principal place of business at 3103-3015 N Jerusalem Rod, Levittown, New York  11756.

12. At all relevant times, GGNGJG Enterprises, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

13. For each of the calendar years 2017 and 2018 GGNGJG Enterprises, Inc. had annual gross volume of sales made or business done of $500,000 or more.

14.  At all relevant times, GGNGJG Enterprises, Inc. has continuously been an employer within the meaning of the NYLL.

*Vito Rastelli*

15. Defendant Vito Rastelli ("Rastelli") is a natural person who resides in Suffolk County, New York.

16. Defendant Rastelli is an employer within the meaning of the NYLL and the FLSA.

17. Upon information and belief, at all times relevant, Rastelli was a shareholder of GGNGJG Enterprises, Inc.

18. Upon information and belief, at all times relevant, Rastelli was an officer of GGNGJG Enterprises, Inc.

19. Upon information and belief, Rastelli had the power to hire and fire the Plaintiff, supervised and controlled the work and schedules and conditions of his employment, determined the rate and method of pay, and maintained records of Plaintiffs' employment.

20. Rastelli was a signatory on the payroll accounts used to pay Plaintiff.

21. Rastelli in fact signed payroll checks for wages paid to Plaintiff.

22. Upon information and belief, Rastelli exercised sufficient operational control over GGNGJG Enterprises, Inc. to be deemed Plaintiffs' employer under the FLSA and the NYLL.

*James Giaccone*

23. Defendant James Giaccone ("Giaccone") is a natural person who resides in Suffolk County, New York.

24. Defendant Giaccone is an employer within the meaning of the NYLL and the FLSA.

25. Upon information and belief, at all times relevant, Giaccone was a shareholder of GGNGJG Enterprises, Inc.

26. Upon information and belief, at all times relevant, Giaccone was an officer of GGNGJG Enterprises, Inc.

27. Upon information and belief, Giaccone had the power to hire and fire the Plaintiff, supervised and controlled the work and schedules and conditions of his employment, determined the rate and method of pay, and maintained records of Plaintiffs' employment.

28. Giaccone was a signatory on the payroll accounts used to pay Plaintiff.

29. Giaccone in fact signed payroll checks for wages paid to Plaintiff.

30. Upon information and belief, Giaccone exercised sufficient operational control over GGNGJG Enterprises, Inc. to be deemed Plaintiffs' employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

31. Fuentes was employed by Defendant GGNGJG Enterprises, Inc. ("Riella's") from approximately June 2014 until December 2018.

32. Fuentes worked as a Pizza maker.

33. Fuentes' worked from approximately 8 am to 8:20 pm, with a 1 hour meal, five days a week, from Tuesday through Saturday. .

34. Also, approximately once each month, Plaintiff worked on Sunday from approximately 8 am to 8:20 pm, with a 1 hour meal.

35. From June 2014 until approximately January 2016, Riella's paid Plaintiff a salary of $800 each week.

36. From approximately January 2016 until December 2018, Riella's paid Plaintiff a salary of $840 each week.

37. Plaintiff was not paid 1 ½ times his regular rate of pay for overtime hours worked.

4

38. Plaintiff Fuentes was not paid the spread of hours premium on days when his spread of hours exceeded 10.

39. Riella's did not furnish Plaintiff Fuentes a wage notice as required by NYLL § 195(1).

40. Riella's furnished wage statements ("pay stubs") to Fuentes that did not comply with NYLL § 195.

41. For example, for the week ending September 26, 2015, Riella's furnished a fictitious pay stub to Fuentes. Although Fuentes worked approximately 56 hours and 40 minutes, the pay stub indicates that he only worked 35 hours. Although Riella's paid Plaintiff a weekly salary of $800, the pay stub indicates that Riella's paid an hourly rate of $8.75.

42. For example, for the week ending August 19, 2017, Riella's furnished a fictitious pay stub to Fuentes. Although Fuentes worked approximately 56 hours and 40 minutes for the week ending August 19, 2017, the pay stub indicates that he worked zero ("0.00") hours. Although Riella's paid Plaintiff a weekly salary of $840, the pay stub indicates that he was paid "regular wages" of $1,500.00.

43. The pay stubs also omitted information required by NYLL § 195.

44. For example, the pay stub for the week ending December 2, 2017 does not contain the employer's legal name. Instead, it identifies the company name as "Riella's Homestyle."

**FIRST CAUSE OF ACTION**
**Overtime Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)**

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

46. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff

47. Defendants were required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

48. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours in a work week.

49. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

50. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION
### Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

52. Defendants were required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

53. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

54. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
### Spread of Hours Pay under 12 NYCRR § 146

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56. Plaintiff regularly worked a spread of hours that exceeded ten.

57. Defendants have failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded ten (10).

58. By Defendant's failure to pay Plaintiff Defendants have violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations, specifically 12 N.Y.C.R.R. § 146-1.6.

59. Plaintiff is entitled to compensatory and liquidated damages, as well as attorney's fees, costs, and prejudgment interest.

## FOURTH CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

60. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

61. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

62. Defendants failed to provide the wage notice to Plaintiff as required by NYLL § 195(1)(a).

63. Plaintiff is entitled to recover statutory damages, together with costs and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### Wage Statement Violations under NYLL §§ 195 and 198

64. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

65. NYLL§ 195(3) requires an employer furnish to each employee "a statement with every payment of wages."

66. The Defendants failed to furnish wage statements that complied with NYLL § 195. Instead, the Defendants furnished fictitious wage statements and wage statements which did not properly identify the employer.

67. Plaintiff is entitled to recover statutory damages, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

A. Unpaid overtime under the NYLL and the FLSA;

B. Spread of hours pay;

C. Liquidated damages on Plaintiff's FLSA claims;

D. Liquidated damages on all NYLL Claims;

E. Statutory damages for Wage Notice violations pursuant to NYLL § 198;

F. Statutory damages for Wage Statement violations pursuant to NYLL § 198.

G. Reasonable attorney's fees and costs of the action;

H. Prejudgment interest; and

I. Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
December 18, 2019

                Respectfully submitted,
                MOSER EMPLOYMENT LAW FIRM, P.C.

                By: Steven J. Moser

8

<span>
</span>

3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

<span>9</span>