RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
(516)248-2121
raymondnardo@gmail.com
Counsel for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cesar O. Fuentes,<br><br>      Plaintiff,<br><br>  -against-<br><br>GGNGJG Enterprises, Inc. d/b/a Riella's Homestyle, Vito Rastelli and James Giaccone,<br><br>      Defendants. | **ANSWER**<br><br>**19-CV-07113 (LDH)(CLP)** |

  Defendants GGNGJG Enterprises, Inc. d/b/a Riella's Homestyle, Vito Rastelli and James Giaccone, collectively referred to herein as "Defendants," where not referred to individually by name, by and through counsel, RAYMOND NARDO, P.C., as and for Defendants' Answer to Plaintiff's Complaint (hereinafter, "the Complaint") in the above-captioned action, hereby answer as follows:

## NATURE OF CLAIM

1.  DENY the truth of the allegations set forth in Paragraph 1 to the extent that they call for an answer.

## JURISDICTION

2.  DENY the truth of the allegations set forth in Paragraph 2 and refer all legal questions to the Court.

3.  DENY the truth of the allegations set forth in paragraph 3 and refer all legal questions to the Court.

## PARTIES

4. DENY the truth of the allegations set forth in paragraph 4 except ADMIT to the truth of the allegations that Plaintiff worked for GGNGJG Enterprises, Inc. ("Riellas").

5. DENY KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

### *GGNGJG Enterprises, Inc.*

6. ADMIT the truth of the allegations set forth in paragraph 6

7. ADMIT the truth of the allegations set forth in paragraph 7.

8. ADMIT the truth of the allegations set forth in paragraph 8.

9. ADMIT the truth of the allegations set forth in paragraph 9.

10. ADMIT the truth of the allegations set forth in paragraph 10.

11. ADMIT the truth of the allegations set forth in paragraph 11.

12. DENY the truth of the allegations set forth in Paragraph 12 and refer all legal questions to the Court.

13. DENY the truth of the allegations set forth in Paragraph 13.

14. DENY the truth of the allegations set forth in paragraph 14 and refer all legal questions to the Court.

### *Vito Rastelli*

15. ADMIT the truth of the allegations set forth in paragraph 15.

16. DENY the truth of the allegations set forth in paragraph 16 and refer all legal conclusions to the Court.

17. ADMIT the truth of the allegations set forth in paragraph 17.

18. ADMIT the truth of the allegations set forth in paragraph 18.

19. ADMIT the truth of the allegations set forth in paragraph 19.

20. ADMIT the truth of the allegations set forth in paragraph 20.

21. ADMIT the truth of the allegations set forth in paragraph 21.

22. DENY the truth of the allegations set forth in paragraph 22 and refer all legal questions to the Court.

## JAMES GIACCONE

23. DENY the truth of the allegations set forth in paragraph 23 and refer all legal conclusions to the Court.

24. DENY the truth of the allegations set forth in paragraph 24 and refer all legal conclusions to the Court

25. ADMIT the truth of the allegations set forth in paragraph 25.

26. ADMIT the truth of the allegations set forth in paragraph 26.

27. ADMIT the truth of the allegations set forth in paragraph 27.

28. ADMIT the truth of the allegations set forth in paragraph 28.

29. ADMIT the truth of the allegations set forth in Paragraph 29.

30. DENY the truth of the allegations set forth in paragraph 22 and refer all legal questions to the Court.

## FACTUAL ALLEGATIONS

31. DENY the truth of the allegations set forth in paragraph, except ADMIT the truth of the allegations that Defendant Riella employed Plaintiff.

32. DENY the truth of the allegations set forth in paragraph 32.

33. DENY the truth of the allegations set forth in paragraph 33.

34. DENY the truth of the allegations set forth in paragraph 34.

35. DENY the truth of the allegations set forth in paragraph 35.

36. DENY the truth of the allegations set forth in paragraph 36.

37. DENY the truth of the allegations set forth in paragraph 37.

38. DENY the truth of the allegations set forth in paragraph 38.

39. DENY the truth of the allegations set forth in paragraph 39.

40. DENY the truth of the allegations set forth in paragraph 40.

41. DENY the truth of the allegations set forth in paragraph 41.

42. DENY the truth of the allegations set forth in paragraph 42.

43. DENY the truth of the allegations set forth in paragraph 43.

44. DENY the truth of the allegations set forth in paragraph 44.

## FIRST CAUSE OF ACTION

45. Defendants repeat and realleage each and every answering paragraph as though fully set forth herein.

46. DENY the truth of the allegations set forth in paragraph 46 and refer all legal questions to the Court.

47. DENY the truth of the allegations set forth in paragraph 47.

48. DENY the truth of the allegations set forth in paragraph 48.

49. DENY the truth of the allegations set forth in paragraph 49.

50. DENY the truth of the allegations set forth in paragraph 50.

## SECOND CAUSE OF ACTION

51. Defendants repeat and realleage each and every answering paragraph as though fully set forth herein.

52. DENY the truth of the allegations set forth in paragraph 52 and refer all legal questions to the Court.

53. DENY the truth of the allegations set forth in paragraph 53.

54. DENY the truth of the allegations set forth in paragraph 54.

## THIRD CAUSE OF ACTION

55. Defendants repeat and realleage each and every answering paragraph as though fully set forth herein.

56. DENY the truth of the allegations set forth in paragraph 56.

57. DENY the truth of the allegations set forth in paragraph 57.

58. DENY the truth of the allegations set forth in paragraph 58.

59. DENY the truth of the allegations set forth in paragraph 59.

## FOURTH CAUSE OF ACTION

60. Defendants repeat and realleage each and every answering paragraph as though fully set forth herein.

61. DENY the truth of the allegations set forth in paragraph 61, and refer all legal questions to the Court.

62. DENY the truth of the allegations set forth in paragraph 62.

63. DENY the truth of the allegations set forth in paragraph 63.

## FIFTH CAUSE OF ACTION

64. Defendants repeat and realleage each and every answering paragraph as though fully set forth herein.

65. DENY the truth of the allegations set forth in paragraph 65 and refer all legal questions to the Court.

66. DENY the truth of the allegations set forth in paragraph 66.

67. DENY the truth of the allegations set forth in paragraph 67.

### As and For a First Affirmative Defense

68. Plaintiff is not entitled to relief as the Complaint fails to state a cause of action.

### As and For a Second Affirmative Defense

69. Plaintiff is not entitled to relief due to unclean hands.

### As and For a Third Affirmative Defense

70. Any and all damages alleged were not "willful" under the NYLL.

### As and For a Fourth Affirmative Defense

71. Plaintiff is not entitled to relief because Defendants paid plaintiff properly for all hours worked.

### As and For a Fifth Affirmative Defense

72. Plaintiff is not entitled to relief because Defendants were not engaged in "interstate commerce."

### As and For a Sixth Affirmative Defense

73. Plaintiff is not entitled to relief because Defendants were not engaged in the production of goods for commerce.

### As and For an Seventh Affirmative Defense

74. Plaintiff's claims must fail based on the Statute of Limitations and Plaintiff's failure to exhaust administrative remedies.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75. Defendants do not owe any wages to Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76. Plaintiff is exempt from the NYLL.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

77. Some of the individual Defendants had no ownership, control, or interest in the corporate defendants at the relevant time and are not "employers" under the FLSA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

78. At all times herein, Defendants used good faith in calculating Plaintiff's compensation

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

79. Defendants are not "employers" under the NYLL

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

80. At all times, Defendants made complete and timely payment to Plaintiff for all wages due.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

81. At all times, Defendants made complete and timely payment to Plaintiff for all wages due.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

82. At all times Defendants believed, in good faith, that they were not required to provide 195.1 Statements to Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

83. At all times Defendants believed, in good faith, that they were not required to provide 195.3 paystubs to Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

84. Any and all damages alleged were not "willful" under the FLSA

### JURY DEMAND

85. Defendants request trial by jury.

**WHEREFORE**, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and award Defendants costs and disbursements, attorney fees, and such other and further relief as this Honorable Court would deem just, proper and equitable.

Dated:  Mineola, NY
April 20, 2020

RAYMOND NARDO, P.C.

_____
RAYMOND NARDO, ESQ.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Counsel for Defendants*