

# MOSER LAW FIRM, P.C.

631-824-0200
steven.moser@moserlawfirm.com

March 29, 2021

VIA ECF

Hon. Cheryl L. Pollak, USMJ
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:     *Fuentes v. CCNGJG Enterprises, Inc.,* 19-cv-7113

Dear Judge Pollak:

  I represent the Plaintiff Cesar O. Fuentes ("Plaintiff") in the above-reference matter.  On March 22, 2012 the parties filed a consent to Jurisdiction by U.S. Magistrate Judge (ECF No. 16) and on March 23, 2021 the case was assigned to Your Honor for all purposes (ECF No. 17).  By Docket Order dated March 23, 3021 the Court instructed the parties to submit settlement papers by April 15, 2021 and scheduled a fairness/*Cheeks* hearing for April 29, 2021.

  The Parties hereby jointly submit the attached Settlement Agreement for Court review.

## Background

  Plaintiff brought this action seeking to recover unpaid overtime wages, spread of hours pay, and liquidated damages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law ("NYLL").  Plaintiff was a pizza maker working at Defendants' restaurant from approximately June 2014 until December 2018.  *See* Complaint (ECF No. 1), ¶¶ 31-32.  The FLSA claim alleges that the Plaintiff was paid a weekly salary and that he was not paid 1 ½ times his regular rate of pay for overtime hours worked. *See* Complaint, ¶¶ 35-37, 45-50.

  At the initial conference of June 17, 2020 the Defendants agreed to produce payroll and other time records, the Plaintiff was instructed to prepare damages calculations, and a settlement conference was scheduled by the Court.  *See* Docket Order dated June 17, 2020.

  Upon review of the time sheets and other payroll records furnished by the Defendants, it turns out that the Plaintiff was not paid a salary, but instead was actually paid a daily rate which was multiplied by the days (or half-days) worked to arrive at his weekly compensation.  The Plaintiff believes that the documents produced by the Defendants show that the Plaintiff was paid a daily rate that regardless of whether overtime was worked in a given workweek.



MOSER LAW FIRM, P.C.

_____
March 29, 2021
Page 2 of 4

On September 4, 2020 the Court held a settlement conference. Although the Parties made progress they were unable to reach a settlement at that time. However, in February 2021 the parties were able to reach an agreement to settle Plaintiff's claims for the amount of $78,000.00.

### Settlement

The Parties have agreed to resolve this action for the total sum of $78,000.00, which will be paid in monthly installments of $13,000.00. Settlement Agreement ¶ 1. One-third of the settlement amount ($26,000.00) shall be paid to Plaintiff's counsel as attorney's fees and costs. *Id.* The remainder of the settlement proceeds ($52,000.00) shall be paid to the Plaintiff. *Id.*

### The Settlement is Fair and Comports with *Cheeks*

In Considering the fairness of a proposed settlement, Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

**The settlement amount is reasonable.** The Plaintiff's total overtime damages under both the NYLL and the FLSA were calculated to be $84,482.92. Applying the three-year statute of limitations under the FSLA (*see* 29 U.S.C. § 255), the Plaintiff's potential damages under the FLSA are $34,297.17 in overtime, plus an additional amount as liquidated damages, for a total of $68,594.34.[1] The $52,000.00 that Plaintiff will be receiving represents payment for all FLSA overtime owed, plus 50% of the total potential liquidated damages. Stated another way, the settlement amount is approximately 75% of the Plaintiff's maximum recovery under the FLSA. Courts within the Second Circuit have approved FLSA settlements with equal or lower recovery rates. *See Socias v. Vornado Realty L.P.*, No. 13-CV-2151 (RLM), 2016 U.S. Dist. LEXIS 164437, at *9 (E.D.N.Y. Nov. 3, 2016) (approving settlement where Plaintiff received 75% of FLSA damages); *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 U.S. Dist. LEXIS 69166, at *6 (S.D.N.Y. May 5, 2017) (approving FLSA settlement of approximately 61% of total potential recovery); *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (approving a settlement amount of approximately 51 percent of plaintiffs' maximum recovery); *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 U.S. Dist. LEXIS 167052, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

---

[1] The settlement of NYLL claims does not require judicial scrutiny or approval. *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017); *Abrar v. 7-Eleven, Inc.*, No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016). Therefore, for the purposes of this motion, the fairness inquiry focuses on the Plaintiff's potential recovery under the FLSA.



Further, the corporate Defendant manifested an inability to pay due to the drastic impact that the novel Coronavirus, and corresponding shutdown, had on the restaurant. This was substantiated with bank records demonstrating a drop off in revenue of greater than 50% in 2020.

**The settlement is also reasonable because the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses, and will eliminate litigation risks faced by the parties.** Plaintiffs have serious concerns about collectability, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *Cortes v. New Creators, Inc.*, 2016 U.S. Dist. LEXIS 79757, at *10 (S.D.N.Y. June 20, 2016). Restaurants have been especially hard hit by the Covid-19 pandemic, and because of cash flow concerns, the settlement is payable in 6 monthly installments. If the case proceeds, Plaintiff is betting that (1) he will be able to establish employer liability against the individual defendants and (2) that any eventual judgment is collectible. Resolving this case early eliminates the delay associated with protracted litigation and the risk that any eventual judgment will be uncollectible.

**Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel that took place following the exchange of relevant documents.** Thus, there is a presumption of fairness and no suggestion of fraud or collusion between the parties or their counsel. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable counsel after meaningful discovery."); *Hernandez v. Merrill Lynch & Co., No*. 11 Civ. 8472 (KBF) (DCF), 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement.").

**The Agreement also complies with the Second Circuit's decision in *Cheeks* as it contains neither an overbroad release nor a confidentiality provision.** *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding that Cheeks highlighted the potential for abuse in settlements with overbroad general releases and confidentiality provisions).

### **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $26,000.00 (one third of the settlement amount).[2]

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco*

---

[2] Defendants take no position on the reasonableness of Plaintiff's counsel fee.



Case 2:19-cv-07113-CLP   Document 18   Filed 03/29/21   Page 4 of 4 PageID #: 97

MOSER LAW FIRM, P.C.

_____
March 29, 2021
Page 4 of 4

*Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and negotiations. The requested attorneys' fees in the Parties' settlement agreement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Respectfully submitted

Steven John Moser

5 E. MAIN STREET, HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM