UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CESAR O. FUENTES,

                Plaintiff,

    -against-                               **ORDER**
                                              19 CV 7113 (CLP)

GGNGJG ENTERPRISES, INC., et al.,

                Defendants.
-------------------------------------------------------------- X
**POLLAK**, Chief United States Magistrate Judge:

        On December 19, 2019 plaintiff Cesar O. Fuentes filed this action against GGNGJG Enterprises, Inc. ("GGNGJG"), Vito Rastelli, and James Giaccone (collectively, "defendants"), seeking to recover unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the New York Labor Law, Art. 6 § 190 et seq., and Art. 19 § 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 146 (collectively, "NYLL"); and the New York General Business Law ("GBL") § 349. The parties have consented to this Court's jurisdiction to determine the fairness of the proposed settlement of this matter.[1]

        The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement filed with the Court. On March 29, 2021, plaintiff filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). On April 29, 2021, the Court held a fairness hearing on the motion. For the reasons set forth in this Order, the Court approves the agreement as fair and reasonable and approves the

---

[1] See Consent to Magistrate Judge Disposition, endorsed by the Honorable Gary R. Brown on March 22, 2021, ECF No. 17.

attorney's fee.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiff was a pizza maker for GGNGJG, a restaurant doing business as Riella's Homestyle in Levittown, New York. (Compl.[2] ¶¶ 8, 9, 32). Defendants Vito Rastelli and James Giaccone were shareholders of the restaurant, and determined the terms and conditions of employment. (Id. ¶¶ 15-30). Defendants employed plaintiff Fuentes from approximately June 2014 until December 2018. (Id. ¶ 31).

Plaintiff claims that he worked from 8:00 a.m. to 8:20 p.m., five days a week, with a one-hour meal break. (Id. ¶ 33). He claims that, once per month, he worked an additional day for those same hours. (Id. ¶ 34). Plaintiff claims that, from June 2014 until approximately January 2016, he received a salary of $800 per week. (Id. ¶ 35). From January 2016 until December 2018, he alleges he received a salary of $840 per week. (Id. ¶ 36). Plaintiff alleges that he never received time-and-a-half pay for hours worked over 40 each week. (Id. ¶ 37). Further, he was not paid the spread of hours premium for days when he worked more than 10 hours. (Id. ¶ 38). Defendants allegedly did not provide a wage notice, and the wage statements they provided did not reflect plaintiff's actual hours worked. (Id. ¶¶ 39-42). The wage notices also omitted information required by NYLL § 195, for example by misidentifying the name of the employer. (Id. ¶¶ 43-44).

Plaintiffs propose to settle the case for a total of $78,000. (Mot.[3] at 2). Of that amount,

---

[2] Citations to "Compl." refer to the Complaint, filed December 19, 2019, ECF No. 1.
[3] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiff on March 29, 2021, ECF No. 18.

plaintiff will receive $52,000. (Sett. Agr.[4] ¶ 1(A)(c)). Plaintiff's counsel is to receive $26,000 in attorney's fees and costs. (Id.)

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

---

[4] Citations to "Sett. Agr." refer to the Settlement Agreement, filed as Exhibit A to the Motion for Settlement Approval, ECF No. 18-1.

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at *9. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id at *8.

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement, as amended, are fair and reasonable. The written agreement contains no impermissible confidentiality provision. See Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).

Plaintiff's release of claims is limited to wage and hour claims raised in this action, so the release is not impermissibly broad. See Panganiban v. MedEx Diagnostic and Treatment Center, LLC, 15 CV 2588, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016).

The Settlement Agreement also contains a mutual non-disparagement clause. (Sett. Agr. ¶ 3). Given that the clause is a mutual one and contains a carve-out for truthful statements related to the employment relationship, the Court finds that the clause is not objectionable.

3. Settlement Amount

The Settlement Agreement, which was reached after a period of arm's-length bargaining, including a proposes a total settlement amount of $78,000. (Mot. at 2). In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded. Defendants deny all the allegations in the Complaint. (Sett. Agr. ¶ 5)

Plaintiff calculated that his FLSA and NYLL overtime damages amount to $84,482.92. (Id.) Plaintiff acknowledged that defendants have suffered severe financial hardship due to the COVID-19 pandemic, limiting their ability to pay a judgment. (Mot. at 2-3). Plaintiff further conceded that he faced potential difficulty establishing the liability of the individual defendants. (Id. at 3). Under this agreement, plaintiff will receive $52,000, representing approximately 75% of his maximum recovery under the FLSA. (Id. at 2).

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV

4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).

Here, plaintiff's counsel seeks one-third of the total settlement, inclusive of costs, for a total of $26,000. (Mot. at 3). As plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds that the requested fee is reasonable.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that

7

counsel's request for fees and costs is reasonable.

The parties are directed to file a stipulation of dismissal by November 22, 2021.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 6, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York