UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CESAR O. FUENTES,

               Plaintiff,

        -against-
                                                              **ORDER**
                                                               19 CV 7113 (CLP)
GGNGJG ENTERPRISES, INC. d/b/a
RIELLA'S HOMESTYLE, VITO RASTELLI,
JAMES GIACCONE,

               Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On December 19, 2019, plaintiff Cesar O. Fuentes commenced the above action against GGNGJG Enterprises, Inc. ("GGNGJG"), Vito Rastelli, and James Giaccone (collectively, "defendants"), seeking to recover unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law, the supporting New York State Department of Labor regulations (collectively, "NYLL"), and the New York General Business Law ("GBL"). (See Compl.[1]). Currently pending before this Court is plaintiff's motion to enforce the settlement.

## FACTUAL BACKGROUND

       Plaintiff alleged that he was a pizza maker for GGNGJG, a restaurant, from approximately June 2014 until December 2018. (Compl. ¶¶ 8, 9, 31, 32). Plaintiff alleged that defendants failed to pay him overtime pay under the FLSA and the NYLL (id. ¶¶ 37, 47, 52), spread of hours pay under the NYLL (id. ¶¶ 38, 57-58), and committed violations of the wage notice and wage statement provisions of the NYLL. (Id. ¶¶ 39-42, 43-44, 60-66). In addition,

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed on December 19, 2019, ECF No. 1.

plaintiff sought liquidated damages under the FLSA and NYLL. (Id. at 8).

On March 29, 2021, plaintiff filed a Motion for Settlement Approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), proposing to settle the case for a total of $78,000, including attorney's fees and costs. (Mot.[2] at 2, Ex. 1). After holding a fairness hearing (see Minute Entry, dated May 2, 2021), the Court granted the Motion for Settlement Approval on May 6, 2021, finding the settlement agreement to be a fair and reasonable compromise of plaintiff's claims pursuant to Cheeks, and finding the attorney's fees and costs requested reasonable. (See ECF No. 19). On December 7, 2021, the Court then endorsed the parties' filed stipulation of dismissal and Ordered dismissal of the case with prejudice.[3] (See ECF No. 21).

## DISCUSSION

On May 17, 2022, plaintiff moved for judgment against the defendants for failure to comply with the settlement agreement. (See Judgment Mot.[4]). Under the agreement, defendants had agreed to pay plaintiff $78,000 over 6 payments; the payments were all due by November 2021, at the latest.[5] (Agreement[6] at 1). Plaintiff alleges that although defendants made the initial

---

[2] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiff on March 29, 2021, ECF No. 18.

[3] On March 22, 2021, the parties consented to Magistrate Judge jurisdiction for all purposes, including "entry of final judgment, and all post-trial proceedings" (see ECF No. 16), which the district court approved on the same day. (See ECF No. 17). On December 3, 2021, plaintiff filed a stipulation of dismissal with prejudice with the Court, pursuant to the settlement agreement. (See ECF No. 20).

[4] Citations to "Judgment Mot." refers to plaintiff's motion for judgment filed on May 17, 2022, ECF No. 22.

[5] The payment schedule was as follows: an initial check in the amount of $13,000 within 30 days of judicial approval, a check on the first of the month following the initial check, and then a check for each of four additional months until the settlement amount was fully paid. The Court approved the settlement agreement on May 6, 2021. (See ECF No. 19). Pursuant to the settlement agreement, the initial $13,000 check would have been due within 30 days of the Court's approval, which would mean the check was due by June 5, 2021. The next payment (a check on the first of the month following the initial check) would have been due July 1, 2021. Then the last four payments would have been made over the next four months, and therefore fully paid by November 2021.

[6] Citations to "Agreement" refer to the settlement agreement executed by the parties and attached

payment of $13,000, the remaining $65,000 is outstanding. (Judgment Mot. at 1). Thus, plaintiff contends that because defendants defaulted on the settlement payments, plaintiff is entitled to a judgment of $65,000. (Id. at 2). Plaintiff also requests that the judgment include a fifteen (15) percent automatic increase if the judgment entered by the Court remains unpaid for a period of ninety (90) days, pursuant to NYLL Sections 198(4) and 663(4). (Id. at 2).

In his response filed May 19, 2022, defendants' counsel does not deny that his clients are in default. Indeed, counsel concedes that only the initial $13,000 payment was made through his office and that it is his understanding that defendants have not rendered any further payments. (See Def. Resp.[7]). Defendants' counsel claims that defendants are either unresponsive or unable to render payment "due to the carnage caused by the novel Coronavirus." (Id.)

However, defendants' counsel objects to the imposition of an automatic fifteen percent increase. (Id.) Counsel argues that Section 198 of the NYLL applies only to Article 6 of the NYLL, which he argues is not implicated here other than with respect to the Wage Theft Prevention Act, which would limit any additional penalties to $10,000. (See Def. Resp.).

## CONCLUSION

Given the parties' disagreement as to the applicability of the 15% penalty provision, the parties are Ordered to file letter briefs, with legal support, addressing the following issues: 1) whether the Court has jurisdiction to enforce the settlement agreement; 2) whether the fifteen percent penalty in Sections 198(4) and 663(4) is to be applied to a judgment for failure to make payments pursuant to a settlement agreement under the FLSA; 3) if it is only applicable to claims brought under the NYLL, how should the Court allocate the amount of the settlement attributable

---

to plaintiff's Motion for Settlement Approval filed on March 29, 2021, ECF No. 18-1.
    [7] Citations to "Def. Resp." refer to defendants' counsel's response to plaintiff's motion for judgment, filed on May 19, 2022, ECF No. 23,

to the FLSA claims and how much of the settlement is to be attributable to the NYLL claims for purposes of assessing a 15% penalty; 4) whether the penalty can be imposed even though it was not in the settlement agreement; 5) what, if any, effect does the Wage Theft Prevention Act's statutory maximum for penalties have on the Court's ability to impose the 15% penalty provision. Since plaintiff is seeking the imposition of this penalty, plaintiff is Ordered to file his letter brief by **November 18, 2022**; defendants' response is due **November 28, 2022**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 10, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York