

# MOSER LAW FIRM, P.C.

5 E. MAIN STREET
HUNTINGTON, NY 11743
(631) 824-0200

www.moserlawfirm.com

November 17, 2022

**VIA ECF**

Hon. Cheryl L. Pollak, USMJ
Chief United States Magistrate Judge
Eastern District of New York
Brooklyn, NY 11722

    Re: *Fuentes v GGNGJG Enterprises, Inc.*,   Case No. 19-cv-7113 (CLP)

Dear Judge Pollak:

    On November 10, 2022 the Court issued an order directing the parties to fully brief certain issues regarding Plaintiff's application for a Motion for Judgment dated May 17, 2022 (ECF No. 22). The first issue to be briefed is whether the Court has jurisdiction to enforce the terms of the FLSA settlement. By this letter we hereby move for denial of the application for a judgment for lack of jurisdiction so that we may proceed in state court.

    Section 10 of the settlement agreement states that "[t]he Court shall retain jurisdiction to resolve any disputes arising hereunder." *See* ECF No. 18-1. Nevertheless, "[i]n the context of FLSA settlements approved as fair and adequate under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), courts have repeatedly denied motions to enforce where the dismissal order did not contain language expressly retaining jurisdiction or incorporating the terms of the settlement agreement." *Kim v. WJ Grp., Inc.*, No. 18 CV 3833 (RML), 2020 U.S. Dist. LEXIS 204384, at *4 (E.D.N.Y. Nov. 2, 2020)(collecting cases).

    In this case, the order approving the settlement does not contain language expressly retaining jurisdiction or incorporating the terms of the settlement. Therefore, the caselaw suggests that the Court does not have jurisdiction over enforcement proceedings.

    Because the purpose of the FLSA is to *insure* the *payment* of wages[1], a *generous interpretation*[2] would give a court approving an FLSA settlement the power to insure that the wages promised in the settlement agreement are actually paid.

---

[1] *See.* The very purpose of judicial review of FLSA settlements is to "extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."
*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)(citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).

[2] "[C]ourts have continually emphasized the extraordinarily generous interpretation the statute is to be given." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)


Nevertheless, the Plaintiff is not without recourse in this case. Considering the amounts at issue, we therefore move for denial of our own motion for a judgment for lack of jurisdiction so that we may pursue enforcement proceedings in New York State Supreme Court. The reason why we ask that the court decline jurisdiction is that we want to avoid any argument by the Defendants in our enforcement proceedings that *only* the federal court that approved the settlement has jurisdiction to enforce it.

Respectfully Submitted

*Steven J. Moser*

CC: All counsel of record via email

The Court grants plaintiffs motion to deny their earlier application. So Ordered

/s/ Cheryl L. Pollak
USMJ
11/29/22